UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
           NOT FOR PUBLICATION
------------------------------------------------------------------x
JAMEL MARSALIS,

           Plaintiff,

             -against-

RIKER'S ISLAND CORRECTIONAL FACILITY,
and CAPTAIN REED, Corrections,

           Defendants.
------------------------------------------------------------------x

           **MEMORANDUM AND ORDER**

           14-CV-5080 (KAM)

MATSUMOTO, United States District Judge:

      *Pro se* plaintiff Jamel Marsalis, who is currently incarcerated at the Federal Medical Center in Butner, North Carolina, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. Rikers Island Correctional Facility is dismissed as a defendant. Plaintiff's claims against defendant Captain Reed may proceed.

## BACKGROUND

      According to the complaint, plaintiff was temporarily housed at Rikers Island on March 14, 2013, when he was allegedly assaulted by a group of corrections officers, including defendant Captain Reed. (Compl. at 4.) Plaintiff alleges: "I was badly injured mentally and physically. One of the officers kicked out my front teeth." (*Id.*) He states that he does not know the names of the other officers, but suggests that videotapes could be used to identify them. Plaintiff seeks $1 billion in damages.

## DISCUSSION

      Title 28 of the United States Code, § 1915A requires this court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28

U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. Section 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). A Section 1983 plaintiff seeking to recover money damages must establish that the named defendant was personally involved in the wrongdoing or misconduct complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). A municipality can be held liable under Section 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and

internal quotation marks omitted)), *cert. denied*, 132 S. Ct. 1741 (2012). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

Rikers Island is part of the City of New York Department of Correction, which is an agency of the City of New York. The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Although the City of New York can be sued, plaintiff has not alleged a policy or practice attributable to the City that could confer *Monell* liability. Accordingly, the claims against Rikers Island Correctional Facility, as part of the City of New York Department of Correction, are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is hereby granted. For the reasons set forth above, all of the claims against Rikers Island are dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue against Rikers Island or the City of New York. The Clerk of Court is respectfully requested to amend the caption to reflect the dismissal of the Rikers Island defendant.

Plaintiff's claims may proceed against Captain Reed. The Clerk of Court is respectfully requested to issue a summons to Captain Reed, and the United States Marshals Service is directed to serve the Complaint, this Order, and the summons on the defendant. The United States Marshals Service is also respectfully directed to serve the attached Local Rule 33.2 Interrogatories and Request for Production of Documents upon the defendant. The Clerk of

Court is respectfully requested to mail a copy of this Order, the Summons, and the Complaint to the New York City Law Department's Federal Litigation Unit and to plaintiff.

The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**


_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
      December 15, 2014