UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMEL MARSALIS,

                          Plaintiff,

    -against-

CAPTAIN REED, *et al.*,

                          Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

14-CV-5080 (SLT)(CLP)

**TOWNES, United States District Judge:**

    In a report and recommendation dated June 14, 2017 (the "R&R"), Magistrate Judge Cheryl L. Pollak denied a pro se motion brought by a non-party jailhouse lawyer, Howard E. Leventhal, who sought to reopen and intervene in this action in order to recover money which plaintiff Jamel Marsalis ("Plaintiff") agreed to give him in exchange for his assistance in prosecuting this action. Leventhal now objects to the R&R, essentially arguing that Judge Pollak failed to rule upon his request for alternative relief: an order directing the Clerk of Court to file a proposed complaint attached to his motion papers as an entirely new case. The Court now considers de novo Leventhal's request for alternative relief and, for the reasons set forth below, declines to grant that relief.

## *BACKGROUND*

    In August 2014, Plaintiff commenced this civil rights action against defendant Captain Reed, alleging that Reed and other corrections officers assaulted him while plaintiff was incarcerated on Rikers Island. Although Plaintiff first requested pro bono counsel in a letter dated March 9, 2015, he proceeded pro se until mid-October 2016, when Brett Dignam of Morningside Heights Legal Services, Inc. ("MHLS"), a legal clinic operated by the Columbia University School of Law, filed a notice of appearance on his behalf. About six months later,

this action settled. The parties filed a stipulation and order of dismissal on March 31, 2017, and the case was closed.

In mid-May 2017, Leventhal sent this Court a "Petition," seeking to reopen the case pursuant Rule 60(b)(3) of the Federal Rules of Civil Procedure and to intervene in the action pursuant to Rule 24(b)(2). The Petition also sought, in the alternative, an order directing the Clerk of Court to accept for filing a civil complaint against Plaintiff, the City of New York, two attorneys who represented the City in this action, MHLS, Dignam, a law student working under Dignam, Columbia University, and various Doe directors and regents. A copy of Leventhal's proposed complaint was attached to his Petition as Exhibit A.

The facts relating to Leventhal's motion to reopen and intervene were set forth in some detail in the proposed complaint. According to that document, Leventhal, a "non-attorney," had assisted his fellow inmate, Plaintiff, with this litigation both prior to and after the appearance of Dignam. That assistance was allegedly rendered pursuant to an agreement in which Plaintiff agreed to pay Leventhal ten percent of the money he recovered from the litigation or $50,000, whichever was greater. Alleging that this action settled for $2,750,000, Leventhal seeks $275,000 in "actual damages" plus punitive damages of $875,000. The proposed complaint expressly states that "[t]his matter should be assigned to Judge Pollak." Petition, Ex. A, p. 2.

Although the Court did not formally refer Leventhal's Petition to the magistrate judge, Judge Pollak obtained the parties' response to the Petition and filed the R&R, in which she recommended denying Leventhal's motions. With respect to the motion to reopen, Judge Pollak noted that Rule 60 affords relief to non-parties only if they are "sufficiently connected and identified" with the action that the non-party seeks to reopen. R&R, p. 4 (quoting *Baker v. Gates*, 638 F. App'x 25, 28 (2015)(summary order)). Judge Pollak held that Leventhal had failed

to allege that he was sufficiently connected. *Id.*, p. 5. With respect to the motion to intervene, Judge Pollak noted (1) that Rule 24(b)(2)—the provision to which Leventhal cited—was inapplicable because it governed intervention by a government officer or agency and (2) that Rule 24(b)(1) required a prospective intervenor to have a claim that shared a "common question of law or fact" with the main action. *Id.*, pp. 5-6. The magistrate judge held that Leventhal's proposed complaint did not share common questions of law or fact with Plaintiff's pleadings. *Id.*, p. 6.

Judge Pollak did not expressly address Leventhal's request for an order directing the Clerk of Court to file his proposed complaint as a completely new action. However, in the course of addressing the motion to reopen, she stated: "To the extent that Mr. Leventhal seeks to bring a breach of contract action against [P]laintiff, he may do so in a separate state court action." *Id.*, p. 5. This statement implied that Leventhal did not have a basis for alleging federal jurisdiction and/or a federal cause of action against the defendants named in the proposed complaint.

### *Leventhal's Objections*

Less than a week after Judge Pollak issued her R&R, Leventhal, proceeding pro se, filed a one-page letter entitled "Response to Report and Recommendation dated June 14, 2017." In that document, Leventhal states that his only objection to the R&R is "that failing to proceed in the way I have proposed will derogate judicial economy." After implying that it would have been more efficient to reopen this case and to let him intervene, Leventhal renews his request that the Court transmit his proposed complaint "to the Clerk with instructions to file [it] as a new case ...." Letter to Hon. Judge Cheryl Pollak, dated June 20, 2017. Leventhal tacitly acknowledges

3

that he has not yet filed a application to proceed *in forma pauperis*, suggesting that the Clerk of Court be directed to send him "the Court's form for IFP status ...." *Id.*

## *DISCUSSION*

The Federal Rules of Civil Procedure provide that "a district judge must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B). An objection filed by a pro se litigant must be read broadly since "[i]t is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Upon de novo review, the Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Read liberally, Leventhal's "Response to [the] Report and Recommendation dated June 14, 2017" objects to Judge Pollak's failure to grant the alternative relief that he requested in his Petition. Leventhal's submission specifically requests that the Court direct the Clerk to file his proposed complaint as a new case. He further requests that the Clerk be directed to send him a form for requesting *in forma pauperis* status.

The Court has considered these requests de novo and declines to grant the requested relief. Federal law requires that a "court ... review, before docketing, ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon that review, the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is

4

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The § 1915A review is typically conducted by the district judge to whom the case is assigned. Although Leventhal's proposed complaint asserts that "[t]his matter should be assigned to Judge Pollak," Petition, Ex. A, p. 2, a magistrate judge cannot preside over a case unless all parties to the action consent. *See* 28 U.S.C. § 636(c)(1). Cases are assigned to district judges pursuant to the Guidelines for the Division of Business among District Judges in the Eastern District (available at https://img.nyed.uscourts.gov/files/local_rules/guidelinesdj.pdf). Under Rule 50.3.1(e) of those Guidelines, "all pro se civil actions filed by the same individual" are "deemed to be 'related' without further order of the court." Related cases are to be "assigned by the clerk to the judge to whom was assigned the case with the lowest docket number in the series of related cases." *Id.* Leventhal has filed at least two prior pro se civil actions in this district, both of which have been assigned to Judge Cogan. *See Leventhal v. Paes*, 16-CV-3677 (BMC)(LB); *Leventhal v. Paes*, 17-CV-2496 (BMC)(LB). Accordingly, by operation of Rule 50.3.1(e), any new civil action filed by Leventhal pro se is likely to be assigned to Judge Cogan.

The Court is especially reluctant to direct the Clerk of Court to file Leventhal's proposed complaint because the § 1915A review of his proposed complaint may determine that his proposed action is frivolous. First, it is unclear from the proposed complaint that this Court has subject-matter jurisdiction over the proposed action. The proposed complaint asserts that Leventhal is "a resident and citizen of the State of Illinois" and that all of the proposed defendants are citizens of the State of New York. However, the former assertion appears to be based on the fact that Leventhal is currently incarcerated in Pekins, Illinois. Generally, a prisoner retains his pre-incarceration domicile and courts presume "that a prisoner does not acquire a new

5

domicile simply as a result of his incarceration in a state different from his pre-incarceration domicile, because a prisoner is present in the state only as a result of compulsion and not an intent to remain there indefinitely." *Braten v. Kaplan*, No. 07 Civ. 8498 (HB), 2009 WL 614657, at *4 (S.D.N.Y. Mar. 10, 2009), *aff'd*, 406 F. App'x 516 (2d Cir. 2011). Although that presumption is rebuttable, see *Housand v. Heiman*, 594 F.2d 923, 926 (2d Cir. 1979), the proposed complaint does not allege facts suggesting that Leventhal has satisfied the prerequisites for establishing a domicile in his place of incarceration.

Second, even assuming that Leventhal can allege a basis for federal jurisdiction, it is unclear whether he has non-frivolous causes of action against any or all of the defendants named in his proposed complaint. As MHLS correctly noted in its letter to Leventhal dated April 21, 2017, New York law makes it "unlawful for any natural person to practice ... as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself or herself in a court of record in this state ... without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state, and without having taken the constitutional oath." N.Y. Judiciary Law § 478. Under this statute, the practice of law includes the giving of legal advice and preparing legal instruments, especially pleadings. *See Spivak v. Sachs*, 16 N.Y.2d 163, 166, 263 N.Y.S.2d 953, 955 (1965); *see also New York County Lawyers' Ass'n v. Dacey*, 28 A.D.2d 161, 165-66, 283 N.Y.S.2d 984, 989-91 (N.Y. App. Div. 1967), *rev'd on other grounds*, 21 N.Y.2d 694, 287 N.Y.S.2d 422 (1967). Moreover, "[i]t is well-settled in New York that '[a]s a matter of public policy, a contract to provide services in violation of [§ 478] is unenforceable ....'" *Servidone Const. Corp. v. St. Paul Fire & Marine Ins. Co.*, 911 F. Supp. 560, 576 (N.D.N.Y. 1995) (citing cases).

Some, if not all, of the claims set forth in Leventhal's proposed complaint assume the existence of an enforceable contract between Plaintiff and Leventhal. Before filing the proposed action, Leventhal may wish to review the law relating to unauthorized practice of law. The Court notes that Rule 11(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions upon even unrepresented litigants who bring frivolous claims in federal court.

## CONCLUSION

For the reasons set forth above, the Court construes Leventhal's "Response to [the] Report and Recommendation dated June 14, 2017" as objecting to Judge Pollak's failure to grant the alternative relief that he requested in his Petition: namely, an order directing the Clerk of Court to file the proposed complaint attached as Exhibit A to his Petition as an entirely new case. In light of this objection, the Court has considered de novo Leventhal's request for alternative relief. Since 28 U.S.C. § 1915A requires that a court review a prisoner's complaint against a governmental entity or its employees before the complaint is filed, and because this action is likely to be assigned to Judge Cogan, the Court denies Leventhal's request. However, nothing in this Memorandum and Order shall be construed as prohibiting Leventhal from filing the proposed complaint on his own or from contacting the Pro Se Office at this Courthouse if he wishes to obtain forms for filing pro se complaints and for requesting permission to proceed *in forma pauperis*.

**SO ORDERED.**

/s/ *Sandra L. Townes*
SANDRA L. TOWNES
United States District Court

Dated: August 23, 2017
Brooklyn, New York